UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOHN HAWKINS HUSSER,<br><br>    Petitioner,<br><br>    v.<br><br>TIMOTHY E. BUSBY, WARDEN,<br><br>    Respondent. | No. SA CV 11-428-VAP (PLA)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

On March 17, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"). As it was clear from the face of the Petition that petitioner was not challenging the legality of a conviction, or otherwise claiming to be in custody in violation of the Constitution or laws or treaties of the United States (but rather was challenging holds placed against his inmate trust account due to copying and postage charges petitioner accrued while he was pursuing various actions in state and federal court), the Magistrate Judge instructed petitioner that the instant action cannot be properly brought in federal court pursuant to a petition for writ of habeas corpus. See Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) ("the writ of habeas corpus is limited to attacks upon the legality or duration of confinement"); see also Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of

1 | confinement.") (internal quotation and citation omitted). He was further advised, among other
2 | things, that claims directed to the conditions of petitioner's confinement may not properly be
3 | asserted in a habeas petition. See 28 U.S.C. § 2254(a); see also Preiser v. Rodriguez, 411 U.S.
4 | 475, 498-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Instead, such claims must be asserted
5 | in a separate civil rights action. Accordingly, on March 22, 2011, the Magistrate Judge dismissed
6 | the Petition with leave for petitioner to file a civil rights complaint, if he so desired. See Hansen
7 | v. May, 502 F.2d 728, 730 (9th 1974) (petitioner who improperly raised a potential civil rights
8 | claim using a federal habeas petition granted an opportunity to amend his pleading as a civil rights
9 | action).[1]

10 | On March 23, 2011, petitioner filed a First Amended Petition that was nearly identical to
11 | the original Petition. The Magistrate Judge dismissed the First Amended Petition for the same
12 | reasons set forth in the March 22, 2011, Order Dismissing Petition With Leave to Amend, and
13 | gave petitioner until April 18, 2011, to amend his Petition as a civil rights complaint if he so
14 | desired.
15 | /
16 | /
17 | /
18 | /
19 | /
20 | /
21 | /

---

[1] The Magistrate Judge observed, however, that petitioner had failed to state a claim for federal civil rights relief, both because he did not state a cognizable legal theory and because he provided insufficient facts to support a civil rights claim. See Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) ("a formulaic recitation of the elements of a cause of action will not do. ... Factual allegations must be enough to raise a right to relief above the speculative level").

On April 4, 2011, petitioner filed a Request for Withdrawal of Action Without Prejudice, in which he moves to "withdraw the matter as improvidently filed," and have the action "terminated without prejudice to seek relief on a federal civil rights complaint in the future should there ever be a valid need for him to do so." As respondent has not served either an answer or a motion for summary judgment in this matter (Fed.R.Civ.P. 41(a)),

IT IS HEREBY ORDERED that the instant Petition is **dismissed without prejudice**.

DATED: April 21, 2011

HON. VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE